1 **ANTHONY E. COLOMBO JR.**
California State Bar No. 218411
2 The Senator Building, 3rd Fl.
105 West "F" Street
3 San Diego, CA 92101
(619) 236-1704 / Fax: (619) 236-1852
4 E-Mail: anthonycolombolegal@yahoo.com

5 Attorney for Mr. Jesus Herrera-Torres

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JEFFREY T. MILLER)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. ~~08CR0690-JM~~ **08CR1094-JM** |
| | ) | **Court orders motions filed in underlying case are transferred and filed in the new case.** |
| Plaintiff, | ) | DATE: May 9, 2008 |
| | ) | TIME: 11:00 A.M. |
| v. | ) | |
| | ) | NOTICE OF MOTIONS AND MOTIONS TO: |
| JESUS HERRERA-TORRES, | ) | |
| | ) | (1)  COMPEL DISCOVERY AND |
| Defendant. | ) |       PRESERVE EVIDENCE; |
| | ) | (2)  SUPPRESS STATEMENTS; AND |
| | ) | (3)  GRANT LEAVE TO FILE FURTHER |
| | ) |       MOTIONS |

TO: KAREN P. HEWITT, UNITED STATES ATTORNEY, AND
    MARK CONOVER, ASSISTANT UNITED STATES ATTORNEY:

PLEASE TAKE NOTICE that on May 9, 2008 at 11:00 a.m., or as soon thereafter as counsel may be heard, defendant, Jesus Herrera-Torres, by and through his attorney, Anthony E. Colombo Jr., will ask this Court to enter an order granting the following motions.

## **MOTIONS**

Defendant, Jesus Herrera-Torres, by and through his attorney, Anthony E. Colombo Jr., asks this Court pursuant to the United States Constitution, the Federal Rules of Criminal Procedure, and all other applicable statutes, case law, and local rules for an order to:

(1) Compel Discovery/Preserve Evidence;
(2) Suppress Statements; and
(3) Grant Leave to File Further Motions.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, the files and records in the above-captioned matter, and any and all other materials that may come to this Court's attention prior to or during the hearing of these motions.

Respectfully submitted,

Dated: April 14, 2008

*/s/ Anthony E. Colombo Jr.*
**ANTHONY E. COLOMBO JR.**
Attorney for Mr. Herrera-Torres
anthonycolombolegal@yahoo.com

1 | **ANTHONY E. COLOMBO JR.**
California State Bar No. 218411
2 | The Senator Building, 3rd Fl.
105 West "F" Street
3 | San Diego, CA 92101
(619) 236-1704 / Fax: (619) 236-1852
4 | E-Mail: anthonycolombolegal@yahoo.com

5 | Attorney for Mr. Jesus Herrera-Torres

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JEFFREY T. MILLER)**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. ~~08CR0690-JM~~ **08CR1094-JM** |
| Plaintiff, | DATE: May 9, 2008 |
| | TIME: 11:00 A.M. |
| v. | |
| JESUS HERRERA-TORRES, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS** |
| Defendant. | |

**Court orders motions filed in underlying case are transferred and filed in the new case.**

### STATEMENT OF FACTS[1]

On February 10, 2008, at approximately 10:10 p.m., Immigration and Customs Enforcement Agents located Mr. Herrera-Torres and another individual walking approximately three quarters of a mile north of the international border close to Tecate, California. Both Mr. Herrera-Torres and the other individual were detained. Upon interrogation Mr. Herrera-Torres allegedly admitted to being a citizen and national of Mexico without any documents to enter or remain in the United States. Mr. Herrera-Torres was then arrested. On February 12, 2008, a Complaint was filed charging Mr. Herrera-Torres with being a Deported Alien Found in the United States in violation of 8 U.S.C. § 1326. On March 11, 2008, Mr. Herrera-Torres waived his right to have his case presented to a Grand Jury for

---

[1]  Mr. Herrera-Torres reserves the right to take a contrary position to the statement of facts as discovery is provided.

1  indictment, and consented to an Information being filed with the same allegation as alleged in the initial
2  Complaint.

3  **MOTIONS**

4  **I.**

5  **MOTION TO COMPEL DISCOVERY AND PRESERVE EVIDENCE**

6  As of the filing of these motions, the Government has provided 42 pages of discovery.
7  Mr. Herrera-Torres moves for the production by the government of the following discovery and for the
8  preservation of evidence.  This request is not limited to those items that the prosecutor knows of, but
9  rather includes all discovery listed below that is in the custody, control, care, or knowledge of any
10 government agency.  See generally Kyles v. Whitley, 514 U.S. 419 (1995); United States v. Bryan, 868
11 F.2d 1032 (9th Cir. 1989).

12 (1) The Defendant's Statements.  The Government must disclose to the defendant all
13 copies of any written or recorded statements made by the defendant; the substance of any statements
14 made by the defendant which the Government intends to offer in evidence at trial; any response by the
15 defendant to interrogation; the substance of any oral statements which the Government intends to
16 introduce at trial and any written summaries of the defendant's oral statements contained in the
17 handwritten notes of the Government agent; any response to any Miranda warnings which may have been
18 given to the defendant; as well as any other statements by the defendant.  Fed. R. Crim. P. 16(a)(1)(A),
19 and (B)(i), (ii), (iii).  The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear
20 that the Government must reveal all the defendant's statements, whether oral or written, regardless of
21 whether the government intends to make any use of those statements.  This request includes any
22 statements contained in Mr. Herrera-Torres's A-file.

23 (2) Arrest Reports, Notes and Dispatch Tapes.  The defense also specifically requests that
24 all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his
25 arrest or any questioning, if such reports have not already been produced in their entirety, be turned over
26 to him.  This request includes, but is not limited to, any rough notes, records, reports, transcripts or other
27 documents in which statements of the defendant or any other discoverable material is contained.  This is

28

1  all discoverable under Fed. R. Crim. P. 16(a)(1)(A),(D), and (E), and Brady v. Maryland, 373 U.S. 83
2  (1963). See also Loux v. United States, 389 F.2d 911 (9th Cir. 1968). Arrest reports, investigator's
3  notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports
4  pertaining to the defendant are available under Fed. R. Crim. P. 16(a)(1)(E), Fed. R. Crim. P. 26.2 and
5  12(i). Preservation of rough notes is requested, whether or not the government deems them discoverable.
6  Specifically, Mr. Herrera-Torres requests a complete copy of his A-file.

7  (3) Brady Material. Mr. Herrera-Torres requests all documents, statements, agents'
8  reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the
9  credibility of the government's case. Impeachment as well as exculpatory evidence falls within Brady's
10 definition of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); United
11 States v. Agurs, 427 U.S. 97 (1976).

12 (4) Any Information That May result in a Lower or Higher Sentence. As discussed
13 above, this information is discoverable under Brady v. Maryland, 373 U.S. 83 (1963). This request
14 includes any cooperation or attempted cooperation by the defendant, as well as any information that
15 could affect any base offense level or specific offense characteristic under Chapter Two of the
16 Guidelines. Also included in this request is any information relevant to a Chapter Three adjustment, a
17 determination of the defendant's criminal history, or any other application of the Guidelines.

18 (5) The Defendant's Prior Record. Evidence of prior record is available under Fed. R.
19 Crim. P. 16(a)(1)(D). Counsel specifically requests a complete copy of any criminal record.

20 (6) Any Proposed 404(b) Evidence. Evidence of prior similar acts is discoverable under
21 Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609. In addition, under Fed. R. Evid. 404(b),
22 "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . .
23 of the general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid.
24 404(b) at trial. The defendant requests that such notice be given three weeks before trial in order to give
25 the defense time to adequately investigate and prepare for trial.

26 (7) Evidence Seized. Evidence seized as a result of any search, either warrantless or with a
27 warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(E).

28

(8) <u>Request for Preservation of Evidence</u>.  The defense specifically requests that all dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case be preserved. This request includes the results of any fingerprint analysis, the defendant's personal effects, and any other evidence seized from the defendant or any third party.  It is requested that the government be ordered to <u>question</u> all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist to inform those parties to preserve any such evidence.

(9) <u>Tangible Objects</u>.  The defense requests, under Fed. R. Crim. P. 16(a)(1)(E) the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, photographs of buildings or places or copies of portions thereof which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant.

(10) <u>Evidence of Bias or Motive to Lie</u>.  The defense requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony.  <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39 (1987); <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988).

(11) <u>Impeachment evidence</u>.  Mr. Herrera-Torres requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant.  <u>See</u> Fed. R. Evid. 608, 609, and 613.  Such evidence is discoverable under <u>Brady v. Maryland</u>, <u>supra</u>.  <u>See</u> <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); <u>Thomas v. United States</u>, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility).

(12) <u>Evidence of Criminal Investigation of Any Government Witness</u>. The defense requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.  <u>United States v. Chitty</u>, 760 F.2d 425 (2d Cir. 1985).

(13) <u>Evidence Affecting Perception, Recollection, Ability to Communicate</u>. Mr. Herrera-Torres requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988); <u>Chavis v. North Carolina</u>, 637 F.2d 213, 224 (4th Cir. 1980).

(14) <u>Witness Addresses</u>. The defense requests the name and last known address of each prospective government witness. <u>See</u> <u>United States v. Napue</u>, 834 F.2d 1311 (7th Cir. 1987); <u>United States v. Tucker</u>, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); <u>United States v. Cook</u>, 608 F.2d 1175, 1181 (9th Cir. 1979)) (defense has equal right to talk to witnesses). The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as a government witness. <u>United States v. Cadet</u>, 727 F.2d 1453 (9th Cir. 1984).

(15) <u>Name of Witnesses Favorable to the Defendant</u>. Mr. Herrera-Torres requests the name of any witness who made any arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity, or participation in the crime charged. <u>Jackson v. Wainwright</u>, 390 F.2d 288 (5th Cir. 1968); <u>Chavis v. North Carolina</u>, 637 F.2d 213, 223 (4th Cir. 1980); <u>Jones v. Jago</u>, 575 F.2d 1164, 1168 (6th Cir.), <u>cert. denied</u>, 439 U.S. 883 (1978); <u>Hudson v. Blackburn</u>, 601 F.2d 785 (5th Cir. 1979), <u>cert. denied</u>, 444 U.S. 1086 (1980).

(16) <u>Statements Relevant to the Defense</u>. Mr. Herrera-Torres requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert. <u>United States v. Bailleaux</u>, 685 F.2d 1105 (9th Cir. 1982). This would include Grand Jury transcripts which are relevant to the defense motion to dismiss the indictment.

(17) <u>Jencks Act Material</u>. The defense requests all material to which Mr. Herrera-Torres is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including dispatch tapes. A verbal acknowledgment that "rough" notes constitute an accurate account of the

1  witness' interview is sufficient for the report or notes to qualify as a statement under § 3500(e)(1).
2  Campbell v. United States, 373 U.S. 487, 490-92 (1963).

3  (18) <u>Giglio Information</u>.  Pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), the
4  defendant requests all statements and/or promises, expressed or implied, made to any government
5  witnesses, in exchange for their testimony in this case, and all other information which could arguably be
6  used for the impeachment of any government witnesses.

7  (19) <u>Reports of Scientific Tests or Examinations</u>.  Pursuant to Fed. R. Crim. P.
8  16(a)(1)(F), the defendant requests the reports of all tests and examinations conducted upon the evidence
9  in this case. Including, but not limited to, any fingerprint testing done upon any evidence seized in this
10 case, that is within the possession, custody, or control of the government, the existence of which is
11 known, or by the exercise of due diligence may become known, to the attorney for the government, and
12 which are material to the preparation of the defense or are intended for use by the government as
13 evidence in chief at the trial.

14 (20) <u>Henthorn Material</u>.  The defense requests that the prosecutor review the personnel
15 files of the officers involved in his arrests, and those who will testify, and produce to him any
16 exculpatory information at least two weeks prior to trial and one week prior to the motion hearing.  <u>See</u>
17 <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991).  In addition, he requests that if the government is
18 uncertain whether certain information is to be turned over pursuant to this request, that it produce such
19 information to the Court in advance of the trial and the motion hearing for an <u>in</u> <u>camera</u> inspection.

20 (21) <u>Informants and Cooperating Witnesses</u>.  Mr. Herrera-Torres requests disclosure of
21 the names and addresses of all informants or cooperating witnesses used or to be used in this case.  The
22 government must disclose the informant's identity and location, as well as disclose the existence of any
23 other percipient witness unknown or unknowable to the defense.  <u>Roviaro v. United States</u>, 353 U.S. 53,
24 61-62 (1957).  Mr. Herrera-Torres also requests disclosure of any information indicating bias on the part
25 of any informant or cooperating witness.  <u>Giglio v. United States</u>, 405 U.S. 150 (1972).  Such
26 information would include inducements, favors, payments, or threats made to the witness to secure
27 cooperation with the authorities.
28

1         (22) <u>Expert Witnesses</u>.  The defendant requests disclosure of any expert witnesses the government intends to call at trial and "a written summary of testimony that the government intends to use," including the "witnesses' opinions, the bases and the reasons for those opinions" and his or her qualifications.  Fed. R. Crim. P. 16(a)(1)(F).

          (23) <u>Residual Request</u>.  The defense intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States.  This request specifically includes all subsections of Rule 16.  Mr. Herrera-Torres requests that the government provide him and his attorney with the above requested material sufficiently in advance of trial.

## II.

## SUPPRESS STATEMENTS

**A.        The Government Must Demonstrate Compliance With *Miranda*.**

     1.   *Miranda* Warnings Must Precede Custodial Interrogation.

          The prosecution may not use statements, whether exculpatory or inculpatory, stemming from a custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination.  <u>Miranda v. Arizona</u>, 384 U.S. 436, 444 (1966); <u>see also</u> <u>Berkemer v. McCarty</u>, 468 U.S. 420, 428 (1984) (restating <u>Miranda</u> principles).  Custodial interrogation is questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way.  <u>Id.</u>  See <u>Orozco v. Texas</u>, 394 U.S. 324, 327 (1969).

          When the border patrol agent originally interrogated Mr. Herrera-Torres, no reasonable person could have felt free to leave.  Once a person is in custody, <u>Miranda</u> warnings must be given prior to any interrogation.  See <u>United States v. Estrada-Lucas</u>, 651 F.2d 1261, 1265 (9th Cir. 1980) (to trigger the <u>Miranda</u> requirement not only must probable cause exist but also a person must reasonably believe that he is not free to leave).  Those warnings must advise the defendant of each of his or her "critical" rights.  <u>United States v. Bland</u>, 908 F.2d 471, 474 (9th Cir. 1990).  If a defendant indicates that he wishes to remain silent

or requests counsel, the interrogation must cease. Miranda, 384 U.S. at 474. See also Edwards v. Arizona, 451 U.S. 477, 484 (1981).

**B.      Mr. Herrera-Torres's Statements Were Involuntary.**

Even when the procedural safeguards of Miranda have been satisfied, a defendant in a criminal case is deprived of due process of law if his conviction is founded upon an involuntary confession. Arizona v. Fulminante, 499 U.S. 279 (1991); Jackson v. Denno, 378 U.S. 368, 387 (1964). The government bears the burden of proving that a confession is voluntary by a preponderance of the evidence. Lego v. Twomey, 404 U.S. 477, 483 (1972).

In order to be voluntary, a statement must be the product of a rational intellect and free will. Blackburn v. Alabama, 361 U.S. 199, 208 (1960). In determining whether a defendant's will was overborne in a particular case, the totality of the circumstances must be considered. Schneckloth v. Bustamonte, 412 U.S. 218, 226 (1973).

A confession is deemed involuntary if coerced by physical intimidation or psychological pressure. Townsend v. Sain, 372 U.S. 293, 307 (1963). "The test is whether the confession was 'extracted by any sort of threats or violence, [or] obtained by any direct or implied promises, however slight, [or] by the exertion of any improper influence.'" Hutto v. Ross, 429 U.S. 28, 30 (1976) (quoting Bram v. United States, 168 U.S. 532, 542-43 (1897)). Accord United States v. Tingle, 658 F.2d 1332, 1335 (9th Cir. 1981). The government bears a heavy burden in demonstrating that a confession is voluntary and the finding of voluntariness "'must appear from the record with unmistakable clarity.'" Davidson, 768 F.2d at 1270. Here, such a finding cannot be made.

**C.      This Court Should Conduct An Evidentiary Hearing.**

This Court should conduct an evidentiary hearing to determine whether Mr. Herrera-Torres's statements should be admitted into evidence. Under 18 U.S.C. § 3501(a), this Court is required to determine, outside the presence of the jury, whether any statements made by Mr. Herrera-Torres were voluntary. In addition, § 3501(b) requires this Court to consider various enumerated factors, including whether Mr. Herrera-Torres understood the nature of the charges against him and whether he understood his rights. Without evidence, this Court cannot adequately consider these statutorily mandated factors.

Moreover, section 3501(a) requires this Court to make a factual determination. Where a factual determination is required, courts are obligated to make factual findings by Fed. R. Crim. P. 12. See United States v. Prieto-Villa, 910 F.2d 601, 606-10 (9th Cir. 1990). Because "'suppression hearings are often as important as the trial itself,'" id. at 610 (quoting Waller v. Georgia, 467 U.S. 39, 46 (1984)), these findings should be supported by evidence, not merely an unsubstantiated recitation of purported evidence in a prosecutor's responsive pleading.

## III.

## REQUEST FOR LEAVE TO FILE FURTHER MOTIONS

To date, Mr. Herrera-Torres and defense counsel have received 42 pages of discovery from the government. It is anticipated that as new information comes to light, the defense will likely find it necessary to file further motions. Therefore, it is requested that defense counsel be allowed the opportunity to file further motions based upon information gained through the discovery process.

## IV.

## CONCLUSION

For the reasons stated above, Mr. Herrera-Torres moves this Court to grant his motions.

Respectfully submitted,

Dated: April 14, 2008

*/s/ Anthony E. Colombo Jr.*
**ANTHONY E. COLOMBO JR.**
Attorney for Mr. Herrera-Torres
anthonycolombolegal@yahoo.com

**CERTIFICATE OF SERVICE**

       Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best of his information and belief, and that a copy of the foregoing document has been served this day upon:

**Anthony Edward Colombo , Jr**
    anthonycolombolegal@yahoo.com,nrodoffice@yahoo.com

**U S Attorney CR**
    Efile.dkt.gc2@usdoj.gov


Dated: April 14, 2008                        *s/ Anthony E. Colombo Jr.*
                                                   ANTHONY E. COLOMBO JR.

                                                   Law Offices of Anthony E. Colombo Jr.
                                                   105 West F Street, Third Floor
                                                   San Diego, California 92101-6036
                                                   (619) 236-1704 (tel)
                                                   (619) 236-1852 (fax)
                                                   email: anthonycolombolegal@yahoo.com